UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DOYLE G. GALIN

Petitioner,

v. Case No. 8:08-cv-254-T-23TBM

SECRETARY, Department of Corrections,

Respondent.
______________________________________/

**O R D E R**

Doyle G. Galin petitions for the writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) and challenges the validity of his convictions for both sexual battery on a person twelve years or older and commission of a lewd and lascivious act on a child under sixteen. The petition includes thirty-one grounds for relief. An earlier order (Doc. 27) denied some of the grounds for procedural reasons and denied some grounds on the merits. Galin appealed. The Eleventh Circuit Court of Appeals rejected the application of the procedural bar to grounds five, seven, eleven, and twelve of the petition and remanded the case for consideration of the merits of those four grounds. (Doc. 34)

## Facts[1]

The fifteen year-old victim and Galin's stepdaughter were friends. On the night of the offenses the victim stayed at the stepdaughter's home where Galin also resided. The victim and the stepdaughter consumed alcohol and both went to sleep in the same bed. Later that night Galin got into the bed with the victim and his stepdaughter. Galin touched and orally stimulated both girls' breasts. Galin also performed oral sex on the victim. The victim testified at trial to Galin's sexual acts upon her and to the alleged sexual acts upon his stepdaughter.

## Standard of Review

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding. *Wilcox v. Florida Dep't of Corr.*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000). Section 2254(d), which creates a highly deferential standard for federal court review of a state court adjudication, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

[1] This summary of facts derives from Galin's brief on direct appeal. (Respondent's Exhibit 2)

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied--the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States" or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 694 (2002). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, ___ U.S.

___, 131 S. Ct. 770, 786-87 (2011). *Accord Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness *per se*, of the state court decision that we are to decide."). The phrase "clearly established Federal law" encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. at 412.

The purpose of federal review is not to re-try the state case. "The [AEDPA] modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Cone*, 535 U.S. at 693. A federal court must afford due deference to a state court's decision. "AEDPA prevents defendants—and federal courts—from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." *Renico v. Lett*, ____ U.S. ____, 130 S. Ct. 1855, 1866 (2010). *See also Cullen v. Pinholster*, ___ U.S. ___, 131 S. Ct. 1388, 1398 (2011) ("This is a 'difficult to meet,' . . . and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt' . . . .") (citations omitted).

In a *per curiam* decision without a written opinion the state appellate court on direct appeal affirmed Galin's convictions and sentences. (Respondent's Exhibit 3) Similarly, in another *per curiam* decision without a written opinion the state appellate court affirmed the denial of Galin's subsequent Rule 3.850 motion to vacate. (Respondent's Exhibit 9) The state appellate court's *per curiam* affirmance warrant

deference under Section 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." *Wright v. Moore*, 278 F.3d 1245, 1254 (11th Cir.), *reh'g and reh'g en banc denied*, 278 F.3d 1245 (2002), *cert. denied sub nom Wright v. Crosby*, 538 U.S. 906 (2003). *See also Richter*, 131 S. Ct. at 784-85 ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary.").

Review of the state court decision is limited to the record that was before the state court.

> We now hold that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law. This backward-looking language requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time, i.e., the record before the state court.

*Pinholster*, 131 S. Ct. at 1398. Galin bears the burden of overcoming by clear and convincing evidence a state court factual determination. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to a finding of fact but not to a mixed determination of law and fact. *Parker v. Head*, 244 F.3d 831, 836 (11th Cir.), *cert. denied*, 534 U.S. 1046 (2001). The state court's rejection

of Galin's post-conviction claims warrants deference in this case. (Order Denying Motion for Post-Conviction Relief, Respondent's Exhibit 7)

**Standard for Ineffective Assistance of Counsel**

Galin claims ineffective assistance of counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (quoting *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)). *Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to *Strickland*, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052.

*Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998).

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When

applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." 466 U.S. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." 466 U.S. at 690.

Galin must demonstrate that counsel's alleged error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." 466 U.S. at 691-92. To meet this burden, Galin must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.

*Strickland* cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." 466 U.S. at 690-91. Galin cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful.

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial . . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992). *Accord Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable . . . . [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'") (*en banc*) (*quoting Burger v. Kemp*, 483 U.S. 776, 794 (1987)). *See also Jones v. Barnes*, 463 U.S. 745, 751 (1983) (counsel has no duty to raise a frivolous claim).

Galin must prove that the state court's decision was "(1) . . . contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Sustaining a claim of ineffective assistance of counsel is very difficult because "[t]he standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Richter*, 131 S. Ct. at 788. *See also Pinholster*, 131 S. Ct. at 1410 (A petitioner must overcome this "'doubly deferential' standard of *Strickland* and the AEDPA."), and *Johnson v. Sec'y, Dep't of Corr.*, 643 F.3d 907, 911 (11th Cir. 2011) ("Double deference is

doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding.").

**Ground Five**

Galin contends that his trial counsel rendered ineffective assistance by not adequately investigating Galin's case. He claims only that "counsel failed to place the State's case to proper adversarial testing . . . and failed to test or ascertain the truth or veracity of the alleged victim or witnesses."[2] (Doc. 1, p. 14) Galin neither presents facts or evidence to support this ground nor specifies a particular avenue of investigation that he believes counsel failed to pursue.[3] Galin's failure to establish

---

[2] Galin filed neither a memorandum of law to support his federal petition nor a reply to the response.

[3] The respondent opines that Galin in ground five of the federal petition is attempting to assert the same allegations raised in ground one of his Rule 3.850 motion (Respondent's Exhibit 5) In the Rule 3.850 motion Galin asserted that Dr. Goldman, a psychiatrist who treated the victim after the crimes, testified in his deposition about other counselors who were "involved" with the victim after she attempted suicide. Galin claims that trial counsel neither spoke to these counselors nor spoke with another psychiatrist about the validity of Dr. Goldman's diagnosis that the victim suffered from bipolar disorder. The state post-conviction court rejected this ground as conclusory:

> The Defendant claims that counsel failed to investigate the facts of the case. Specifically, the Defendant claims that State witness, Dr. Goldman, testified as to the victim's state of mind over a one-year period after the alleged incident. The Defendant contends counsel failed to interview other psychiatrists to obtain an opinion on the effect of the various psychotropic medications that Dr. Goldman had given the victim during her treatment. The Defendant contends that his attorney failed to inform him that the Defendant's wife and stepdaughter would be testifying against him.
>
> The Defendant's motion is denied. The Defendant's motion is insufficient in that he has failed "to allege specific facts that, when

(continued...)

either deficient performance or resulting prejudice precludes relief on this ground of ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. at 691-92. *See also Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (recognizing that vague, conclusory, or unsupported allegations cannot support an ineffective assistance of counsel claim).

**Ground Seven**

Galin contends that his trial counsel rendered ineffective assistance by excluding Galin from *voir dire*. Galin fails to provide in his federal petition supporting facts for this ground. To the extent that Galin relies upon the facts alleged in his Rule 3.850

[3](...continued)

> considering the totality of the circumstances, are not conclusively rebutted by the record and that demonstrate a deficiency on the part of counsel which is detrimental to the defendant." *See Kennedy v. State*, 547 So. 2d 912 (Fla. 1989). The Defendant cannot simply file a motion for post-conviction relief containing conclusory allegations that his attorney was ineffective and expect to receive an evidentiary hearing. *Id*. Although the Defendant claims that the jury did not hear any other testimony on that issue, it is not clear from the Defendant's claim how the failure to inquire into the effect of the psychotropic medications or the victim's testimony prejudiced the Defendant such that the outcome would have been different absent an allegation that the victim's testimony was not credible.

To the extent that he relies upon the allegations presented in his Rule 3.850 motion to support his federal ground, Galin cannot obtain relief because he fails to prove both deficient performance and resulting prejudice as *Strickland* requires. Galin fails to show that the state court unreasonably applied controlling Supreme Court precedent or unreasonably determined the facts in rejecting this ground.

motion,[4] he is not entitled to relief because he fails to satisfy both the deficient performance requirement and the prejudice requirement of *Strickland*.

The state post-conviction court rejected this ground (Respondent's Exhibit 7, pp. 4-5):

> The Defendant contends that counsel did not allow him any input into the jury selection process. The Defendant contends he wanted to exercise challenges against several unnamed jurors because he claims they expressed a bias against the nature of the charges in the case. The Defendant contends counsel ignored his request.
>
> The Defendant's motion is denied. [T]he Defendant has failed to show how counsel's alleged failure to allow the Defendant to participate in the jury selection process prejudiced him such that the outcome of the proceedings would have been different.

"The constitutional standard of fairness requires that the criminally accused have a panel of impartial, indifferent jurors." *Murphy v. Florida*, 421 U.S. 794, 799 (1975). "The purpose of voir dire is to ascertain whether potential jurors can render a verdict solely on the basis of evidence presented and the charge of the trial court."

---

[4] Galin alleged in the Rule 3.850 motion (Respondent's Exhibit 5, p. 13):

> [W]hile the prosecut[or] . . . was questioning the jurors, [Galin] took some notes. Several of the potential jurors, who later became actual jurors, had expressed some major concern about the nature of the alleged offenses. [Galin] wrote on a piece of paper that he did not want these people to sit on the jury and gave this paper to [trial counsel] when he finished talking. [Counsel] responded by crumpling the paper up.
>
> The attorney's refusal to include [Galin] in this jury selection process allowed jurors to be chosen who were presumptively prejudicial against [Galin]. Had [Galin] been included, the trial result could have been different or the jury panel more fair.

*Wilcox v. Ford*, 813 F.2d 1140, 1150 (11th Cir. 1987). *See also J.E.B. v. Ala. ex rel. T.B.*, 511 U.S. 127, 143-44 (1994) ("*Voir dire* provides a means of discovering actual or implied bias and a firmer basis upon which the parties may exercise their peremptory challenges intelligently."); *Mu'Min v. Virginia*, 500 U.S. 415, 431 (1991) ("*Voir dire* examination serves the dual purposes of enabling the court to select an impartial jury and assisting counsel in exercising peremptory challenges."). *Voir dire* "plays a critical function in assuring the criminal defendant that his Sixth Amendment right to an impartial jury will be honored." *Rosales-Lopez v. United States*, 451 U.S. 182, 188 (1981).

Effective assistance of counsel is required during *voir dire*. *Brown v. Jones*, 255 F.3d 1273, 1278-9 (11th Cir. 2001). However, counsel's questions and tactics during *voir dire* are a matter of trial strategy. *Hughes v. United States*, 258 F.3d 453, 457 (6th Cir. 2001). "A decision regarding trial tactics cannot be the basis for a claim of ineffective assistance of counsel unless counsel's tactics are shown to be 'so ill chosen that it permeates the entire trial with obvious unfairness.'" *Teague v. Scott*, 60 F.3d 1167, 1172 (5th Cir. 1995). A defendant's disagreement with counsel's tactics or strategy will not support a claim of ineffective assistance of counsel.

Galin was present in the courtroom during *voir dire*. Contrary to Galin's contention, counsel neither excluded him from *voir dire* nor denied him the opportunity to actively participate in *voir dire*. Rather, Galin disagrees with the manner in which counsel exercised his challenges during jury selection. Galin fails to show that

counsel's decisions during jury selection to both ignore Galin's note and to not challenge the veniremen Galin alleges counsel should have excluded from the jury would have resulted in his acquittal. Absent a showing of prejudice, Galin's ground warrants no federal habeas relief because *Strickland's* requirements remain unsatisfied. Galin fails to meet his burden of proving that the state court unreasonably applied controlling Supreme Court precedent or unreasonably determined the facts in rejecting this ground.

**Ground Eleven**

Galin contends that his trial counsel rendered ineffective assistance and "plac[ed] himself in conflict with [Galin]" by having the victim's father provide counsel with an estimate of damages for a vehicle owned by counsel.[5] The state post-conviction court rejected this ground (Respondent's Exhibit 7, pp. 8-9):

> The Defendant claims that during the trial, at some point before closing arguments, he saw his attorney walking with and talking to the victim's father, Mike Bradley. The Defendant claims that ultimately his attorney admitted that the conversation concerned his attorney getting an opinion from the victim's father as to an estimate for repair work to the attorney's vehicle. The Defendant posits that this was in direct disregard of the court's instruction not to speak with witnesses and that this shows that counsel was working for both sides for financial reasons.
>
> The Defendant's motion is denied. First, the Defendant does not point to any record evidence that shows counsel represented conflicting interests and the alleged incident referred to by the Defendant apparently occurred after the close of all the evidence. The Defendant, beyond his mere allegation, has not shown how

[5] The victim's father was a technician at a local automobile dealership. (Respondent's Exhibit 4, Vol. III, p. 273)

> his attorney's alleged conflict of interest adversely affected his attorney's performance. *See Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980). Further, the violation of the court's admonition regarding the witnesses would not establish ineffective assistance since the Defendant has not alleged that counsel talked to the witness at a time when the admonition would have applied. The Defendant's other allegations are based upon speculation and do not establish grounds for ineffective assistance of counsel.

"A criminal defendant is entitled to conflict-free representation." *Cuyler v. Sullivan*, 446 U.S. 335, 346 (1980). "A criminal defendant's right to effective assistance of counsel is violated where the defendant's attorney has an actual conflict of interest that affects the defendant adversely." *United States v. Rodriguez*, 982 F.2d 474, 477 (11th Cir. 1993). An "actual conflict" of interest occurs when a lawyer has "inconsistent interests." *Freund v. Butterworth*, 165 F.3d 839, 859 (11th Cir. 1999). To prove that an actual conflict hindered counsel's performance, Galin "must make a factual showing of inconsistent interests" or point to "specific instances in the record" to suggest an actual impairment of Galin's interests. *Freund*, 165 F.3d at 859.

Galin fails to demonstrate that an actual conflict of interest existed. "If a defendant is unable to show an 'actual conflict,' then he is not entitled to relief from his conviction because a 'speculative or merely hypothetical conflict of interest does not yield a Sixth Amendment violation.'" *United States v. Novaton*, 271 F.3d 968, 1011 (11th Cir. 2001) (quoting *Burden v. Zant*, 24 F.3d 1298, 1305 (11th Cir. 1994)). Alternatively, even assuming that an actual conflict existed, Galin has not shown that the conflict "adversely affected" counsel's performance.

> To prove adverse effect, a [defendant] must satisfy three elements. First, he must point to some plausible alternative defense strategy or tactic [that] might have been pursued. Second, he must demonstrate that the alternative strategy or tactic was reasonable under the facts. Because prejudice is presumed, the [defendant] need not show that the defense would necessarily have been successful if [the alternative strategy or tactic] had been used, rather he only need prove that the alternative possessed sufficient substance to be a viable alternative. Finally, he must show some link between the actual conflict and the decision to forego the alternative strategy of defense. In other words, he must establish that the alternative defense was inherently in conflict with or not undertaken due to the attorney's other loyalties or interests.

*Freund*, 165 F.3d at 860. Galin fails to satisfy these three elements. Consequently, he fails to meet his burden of proving that the state courts unreasonably applied controlling Supreme Court precedent or unreasonably determined the facts in denying this ground.

**Ground Twelve**

Galin contends that his trial counsel rendered ineffective assistance by not impeaching the victim's trial testimony with her deposition testimony. Galin fails to specify what portion of the victim's trial testimony he challenges and fails to identify which deposition statements would have impeached the victim. To the extent that he relies upon the factual allegations presented in his Rule 3.850 motion, Galin asserts the following (Respondent's Exhibit 5, pp. 20-23):

> The alleged victim in this case . . . gave a deposition on what she believed happened back in November 1997. She claimed [Galin]'s stepdaughter Lori had told her that [Galin] purchased a bottle of tequila for her and it was kept in Lori's entertainment center. At trial [the victim] said that Lori had gotten the bottle from [Galin] that night. But on cross-exam[ination], [the victim]

said that she and Lori had already drank this bottle before [Galin] came into Lori's bedroom. At trial [the victim] was asked by counsel to describe the size of the bottle of tequila. [The victim] said it was about six inches tall or held enough for two cups. In her deposition she said it was eight (8) ounces of tequila. At trial [the victim] said something about just reading her deposition statements that same morning but claimed she did not remember saying it was eight ounces. [Trial counsel] told [the victim] not to worry about it because it was not important anyway.

In her deposition and on direct [examination the victim] told the jury that Defendant was beside her on the bed when he first put his mouth on her breasts. She then claimed Defendant did the same thing to Lori who was lying beside her on the same bed. Then [the victim] said Defendant came back to her and pulled her pants and underwear down to her ankles so he could put his mouth on her genital area. [The victim] said about the same at trial but with some additional details. At the trial [the victim] said she had fallen half off the bed and in this position she felt Defendant's mouth on her genital area. Counsel failed to pursue this new information to find out why [the victim]'s version had changed. Also at trial [the victim] claimed she was unable to remember a lot of things. She said she became very sick from drinking liquor given to her by Defendant. She also said she remembered someone put her on the bed but could not say who this was. She said something in her deposition about being on the outside of the bed and at trial she said the same thing but added when she woke up the next morning, her pants and underwear were down around her ankles and she was lying next to the wall. [The victim] said a lot of things at trial that were inconsistent with what she said in her deposition and who she talked with prior to the trial. Defendant had a belief [the victim] could not tell the difference between reality and fiction or what a lie was and was not. After [the victim] testified, Defendant told this to his attorney. [Counsel] told the Defendant none of that mattered. Because counsel wholly failed to discredit or impeach the witness with her continuing inconsistent statements, the jury was left to determine whether or not the witness knew what the truth was. This is not the purpose of a trial attorney and Defendant believes he was severely prejudiced by his counsel's failure to discredit the State's primary witness in this case.

. . . .

> Defendant is of the belief that his attorney avoided trying to impeach [the victim]'s credibility because counsel did not want to upset [the victim]. Counsel's entire cross-examination of [the victim] was not done with the intent to assist the Defendant - instead it looks to have been done to protect the witness from further trauma.

The post-conviction court rejected this ground in Galin's Rule 3.850 motion (Respondent's Exhibit 7, order denying in part Galin's Rule 3.850 motion, pp. 7-8) (court's record citation omitted):

> The Defendant contends that counsel failed to impeach the victim . . . at trial with several of her pre-trial deposition statements. The Defendant points to a number of alleged inconsistencies and he concludes that the victim either did not know the difference between the truth and a lie or did not recognize the difference between reality and fiction.
>
> The Defendant's motion is denied. As the transcript reflects, both on direct and cross-examination, the victim testified that her recollection of the events in question w[as] not entirely clear due to her intoxicated condition. As can be seen by the trial transcript, counsel's cross-examination was extensive and counsel made a number of points during that cross-examination that were helpful for the defense. The Defendant is not entitled to perfect or error-free counsel, only to reasonably effective counsel. *See Waterhouse v. State*, 522 So. 2d 341, 343 (Fla. 1988).

"The inquiry into whether a lawyer has provided effective assistance is an objective one: a petitioner must establish that no objectively competent lawyer would have taken the action that his lawyer did take." *Van Poyck v. Fla. Dep't of Corr.*, 290 F.3d 1318, 1322 (11th Cir. 2002). A habeas petitioner must overcome a presumption that the challenged conduct of one's counsel was a matter of strategy. *Strickland,* 466 U.S. at 689; *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). Counsel's decision to cross-examine and the manner of the cross-examination are strategic decisions

entitled to deference. *Dorsey v. Chapman*, 262 F.3d 1181 (11th Cir. 2001), *cert. denied*, 535 U.S. 1000 (2002). The only question is whether counsel's strategic decision was "reasonable." *See Minton v. Sec'y, Dep't of Corr.*, 271 Fed. App'x 916, 918 (11th Cir. 2008) ("The Supreme Court has 'declined to articulate specific guidelines for appropriate attorney conduct and instead has emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'") (quoting *Wiggins v. Smith*, 539 U.S. 510, 521 (2003)); *Dingle v. Sec'y, Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007) ("Even if counsel's decision . . . appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'"). A defendant's disagreements with counsel's tactics or strategies will not support a claim of ineffective assistance of counsel.

Contrary to Galin's assertion, counsel cross-examined the victim about the discrepancies between her deposition and her trial testimony and highlighted the victim's inability to recall specific details of the crimes. (Respondent's Exhibit 4, Vol. II, pp. 161-85) Galin both fails to support his speculative contention that further impeachment would have established reasonable doubt about his guilt and meets neither the deficient performance requirement nor the prejudice requirement to prove this ground of ineffective assistance. *Strickland*, 466 U.S. at 691-92. The state post-conviction court neither unreasonably applied *Strickland* nor unreasonably determined the facts in rejecting this ground.

Accordingly, grounds five, seven, eleven, and twelve of Galin's petition for the writ of habeas corpus (Doc. 1) are **DENIED**. The clerk shall enter a judgment against Galin and close this action.

**DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS***

Galin is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Galin must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001).

Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Galin cannot meet *Slack's* prejudice requirement. 529 U.S. at 484. Finally, Galin is not entitled to appeal *in forma pauperis* because he is not entitled to a COA.

Accordingly, a certificate of appealability is **DENIED**. Leave to proceed *in forma pauperis* on appeal is **DENIED**. Galin must pay the full $455 appellate filing fee without installments unless the circuit court allows Galin to proceed *in forma pauperis*.

ORDERED in Tampa, Florida, on March 27, 2013.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE